Bureau. This one is 18-2983. And so I suppose we will let you continue, Mr. McCormick, with your argument in this case. Yes, Your Honors. So in this case, again, there's the court premised its sanctions order on two clearly erroneous findings of fact. The first one was that the plaintiff had somehow fabricated a one-line statement in its complaint, and two, that the attorneys themselves engage in a pattern and practice of claim support. The first issue regarding the fabrication of the statement in the complaint was that plaintiff logged into his account to view payoff options for the alleged debt. Can I say that the district court found that not just inconsistent, or perhaps in the alternative misleading, because Mr. Cooper makes that contention in the complaint. Then, during the deposition, he has admitted that he doesn't go to websites. He insists he doesn't go to websites to do anything, not options for payment. I understand that. Websites can be hugely annoying. So maybe he doesn't want to do that. And then the question is, you went to their And he answers, through the help of the attorneys. And that's an ambiguous answer. You don't know whether he said to his attorneys, would you check the website for me? That would be through the help of attorneys. Or whether the attorney was standing over his shoulder and saying, click here, do this. And in that sense, it was through the help of the attorneys. Or whether the attorneys said, you can do this yourself. Here are the steps you should follow. Let us know what you think. You just don't know. And so the district court finds this statement, as compared to the allegation, the complaint, not enough to assuage its concerns. And the other thing I worry about is you seem to be taking the position that the district court was obligated to believe every word Mr. Cooper said in that exchange. And I'm not aware of any rule like that. No, I don't think our position is that the court was required to believe everything Mr. Cooper said in the exchange. I think where the error here is, is that he's assigning and he's inventing a reason of why the plaintiff logged onto the account. To view payoff options for the alleged debt does not mean to view payoff options to pay the debt. But we don't even know if Mr. Cooper himself went to the website. I mean, he has testified that he didn't. And then maybe in an effort to salvage that testimony, he makes his other statement. But why couldn't the court have inferred from this exchange that that Mr. Cooper is telling the truth when he says, actually, I don't go to websites? Well, I mean, I think it's, I think it's, again, an interpretation of what the answer is. And I think what, you know, it's like he doesn't routinely pay bills online. He doesn't routinely go to websites to see what his bills are. But I think that any consumer lawyer who is presented with a debt collection issue is going to investigate defenses and counterclaims with their client. And that's going to include reviewing the materials they've received from the debt collector. And that's going to include reviewing what is in view in viewing kind of the payment systems that they have in place. And so and I think they do that so they can investigate counterclaims and they do that so they can investigate so they can investigate defenses. And here during the course of Cooper one, the attorneys did meet with their client and they did log on to this website and they did see an FDCPA violation. In fact, since it was published on the website, they thought it was going to become a class action and should be filed separately. And that's why. Well, that's a whole different problem with this. It's very difficult given that this is the same debt and the same amount to see this as not involving claim splitting. You know, and I think you're right. I don't I don't think that the plaintiffs are claim splitting. It was a mistake. Yes. And they were. It was not a malicious mistake. But the district court says claim splitting or no. I mean, there's at a minimum the local rule to list related litigation. And even that didn't happen. Yeah. And I agree. And they did not do it. And I think the appropriate remedy for that is dismissal of the case, which is precisely what happened where the court erred in terms of the claim splitting as they went beyond that. Wait a second. Wait a second. Are you saying it's appropriate to dismiss a case simply for failure to designate the cases as related? No, Your Honor. I think I think if if somebody if somebody files a subsequent action, they either need to file it as related. But if they're pursuing it, they're they're they're pursuing them concomitantly. They either need to be combined or the second case needs to be dismissed. I mean, I'm I'm a little uncertain why this is now Cooper's attorney's position, given the Horia appeal. Where are our court said that there's no claim preclusion here, and in that analysis made a corollary statement that the district court in Horia was wrong to identify it as the case here and something the district court ought to look at. Sure. The way that I understand Horia and well, Horia's the decision in Horia was that these were the same parties, but the debts were different debts. Therefore, they were not related cases and there were separate claims that could be that that could be brought separately. Whereas it's the same debt here, too. So it was different debts. And here was the same debt, the same three hundred and thirty three dollar debt. It was different violations of the FDCPA. One was an individual claim and one was a class claim. And that's why they were brought separately. So, Mr. McCormick, I need to go back to our appellate jurisdiction and scope in this case. Our court flagged the potential problem with the notice of appeal, directed briefing on Foreman. Your opening brief was entirely silent on that question. Entirely silent on which issue, your honor? Appellate jurisdiction, since the notice of appeal does not identify Ms. Chapman, Mr. Wood or their law firm as parties to the appeal. Mr. Wood doesn't even appear on the notice of appeal. We directed briefing and you ignored it. Yes, your honor, I think we did address it in our reply brief and did not. Yes, that's a little late, given the explicit directive from this court. Yes, your honor, I mean, at the end of the day, the arguments that we have is that the imperfection and noticing of the appeal and I apologize for not addressing it in the initial. The imperfections and noticing an appeal when the only issues were the only people who could who could be affected by the appeal or the people who are filing the case. Mr. Foreman, what do we do with Mr. Wood? Well, Mr. Wood is is also an employee and a partner in the in the community lawyers group, which is the same firm that Ms. Chapman works for. We don't know necessarily that he wanted to appeal. You just have to look at the statistics that the administrative office runs out every year. There are a tremendous number of cases that are resolved in the district courts and only a small subset of those cases, a quarter of them or so get noticed for appeal. You don't know that somebody is going to appeal unless he tells you. Yes, your honor, I mean, Mr. Wood also subsequently filed an appearance in the case. I think it's clear from the name on the signature block and Ms. Chapman directly that Mr. Wood was included in the appeal. I think it's no surprise to anyone that the the firm itself, which would be paying the sanctions, would would be appealing the sanctions. And Mr. Wood is a partner of that firm should be considered for the purposes of the notice of appeal. And I'll reserve my time if the court has no further questions. OK, that would be fine. Mr. Rack. Thank you, your honor. May it please the court. I'll just begin with that notice of appeal jurisdictional issue here. There are two cases that are particularly instructive. First is Foreman V. Wadsworth, and that applies to Sletha Chapman and the community lawyers group, because that was a case in which a attorney purported to appeal from a sanctions order, but in the name of a plaintiff, not in their own name, but then signed the notice of appeal. And this court held that it was they were able to infer that the attorney was the real party of interest there because they were the only party with an interest in that appeal. The sanction was entered only against that attorney. Here, the sanctions order was entered jointly and severally against three parties, CLG, Michael Wood and Sletha Chapman. And so the court's not able to infer just from Sletha Chapman's signature that she was filing the appeal on behalf of herself, Michael Wood and community lawyers group. And the other instructive case here is Haleem. It's particularly instructive for Mr. Wood, who appears nowhere on the notice of appeal. There's nothing in the notice that would suggest, apart from the fact that his law firm was cited there in the signature block, there's nothing that would indicate that Michael Wood wanted to appeal. So under Foreman, CLG and Sletha Chapman, it's not clear. Under Haleem, it's not clear as to Michael Wood. And for those reasons, Appelli argues that this court lacks jurisdiction here. We cannot infer who the real parties are appealing. So assuming that this court has jurisdiction over the merits of this case, the only issues here are the factual underpinnings of the court's sanctions order, which are fully and explicitly supported by the record and are not clearly erroneous. And as the court noted, the allegation in paragraph 14 of the complaint that Cooper went online to view his payoff options is explicitly contradicted by his own testimony. He was asked, do you go online to view payoff options? And he said, no. Now, the colloquy continues, as your honors noted, that he later says, I went online with the help of my attorneys. That's at best ambiguous. He doesn't say he did it to view his payoff options. And regardless, even if appellant would prefer this court in the district court to weigh the evidence differently, the key here is that, in fact, there is explicit evidence in the record from Cooper's own testimony that he did not go online to view payoff options. And therefore, that finding is not clearly erroneous. And which exact passage are you referring to? You're meaning in the complaint? It's paragraph 14. Well, I'm looking at, you testified earlier, sir, that you don't go onto websites to look into options for payment, correct? Had he actually said it in those words? Because the question is about purpose. The purpose, as I understood it, for going into the website. Well, I don't know that we need to get into, I'm sorry, Ron, I didn't mean to cut you off. He viewed payoff options. That's the allegation in the complaint, right? Correct. He went online to view payoff options. Doesn't say anything about purpose. To view payoff options to the extent purpose enters into it. I don't believe. The complaint was silent about purpose, correct? Correct. And you and the district judge inferred from that allegation that he was implying because I meant to try to pay this off, correct? I don't think that's necessarily the case, Your Honor. I don't know that we need to, or the district court needed to infer intent in this case. Because we have the allegation which says I went online to view payoff options. And we have testimony that says I don't go online to view payoff options. So that is really, you know, an allegation that says X. Oh, sorry. Can you direct me to the specific testimony? I'm sorry. I'm getting a little confused as between the deposition and the trial testimony. No, it's all right, Your Honor. I believe that you quoted the most relevant passage for the colloquy at Cooper's trial testimony, page 25. You testified earlier, sir, that you don't go onto websites to look. Well, my question is, what did he actually testify earlier? He said, yes, that's correct. He said, yes. No, no, no, no, no, no. My question is, in essence, is whether there might have been an objection there that that misstates the earlier testimony. What was the earlier testimony exactly? I don't have that exact testimony. Isn't that rather important if you're going to say that this is misleading? I mean, testimony gets parsed very carefully when we're talking about misleading somebody. I understand, Your Honor. I think the key here is that there is evidence in the record here that supports the district court's finding to consider what Cooper meant when he said it, what his credibility was, and there is evidence in the record that supports this district court's finding that the allegation is misleading. But I'm happy to continue on this track, Your Honor, but I think it's important to note that the district court starts their sanctions order by mentioning this misleading complaint that says the real issue here, the key issue here, is that Cooper 2 should have never been filed separately from Cooper 1. They split the claim and that they've engaged in a pattern of failure. Okay, right. And so do you, what do you think about the merits of that assertion, given the evidence that those other supposedly claim-split cases involve different debts? Certainly. I think one point of important clarification, those pairs of cases identified by the district court should have been filed as related at the time of this filing and not necessarily claim-splitting, claim-preclusion. So the court found, rather the court ordered, that Cooper 2 should be dismissed on the basis of claim-splitting. That is not at all contradicted by Horia, because here, unlike— No, I mean, well, it's a question. Different district judges might see this in different ways. What this case reminded me of, Mr. Reck, was a whole series of cases that we see particularly brought by prisoners complaining about their health care treatment or the conditions in their cells. And very often, those are difficult cases for district judges to manage because the prisoner has new issues that arise while the case is pending. And the question that arises constantly for district judges in such cases is, do I allow an amendment and add this into the existing case, or do I tell the prisoner to file a new case? And this case kind of has echoes of that, and, you know, they're decent arguments. It depends on the specific facts and circumstances. District judge has wide discretion in those kinds of case management issues, but sanctioning somebody for picking one option rather than another is pretty hard for me to see in view of that kind of—the kind of case authority that recognizes either option may be permissible. Understood, Your Honor. I just think that this case is different from the prisoners' rights cases in an important way, because the issue here isn't that, you know, should we join this second case and make it part of the first case? That's really a claim-splitting issue. That's what was going on in Cooper 2 and Cooper 1. But these pairs of cases identified by the district court as related, the issue is, you know, this is the same plaintiff, same defendant— But that wasn't the district court's sole complaint. It's very clear when you read the beginning of his paragraph where he's complaining about this, and the end, he joins together the issue of claim-splitting and related cases. He is upset that as he sees it, Cooper's attorneys are engaging in both. Both are important to his reasoning, as well as his conclusion that Cooper was not true. What was alleged in the complaint was not true. So I don't think that you can argue that at the end of the day, he was really more upset about related—identifying related cases as opposed to these two other grounds he very clearly relies on. I absolutely agree, Your Honor, that the court relies on claim-splitting as part of the sanctions order with respect to Cooper 2 and Cooper 1. And then he goes on to say plaintiff's counsel have engaged in this pattern of failing to identify related cases, and that's an unreasonable duplication of litigation resources. I think the issue is made clear in response to Judge Hamilton's question that the parties here filed the cases separately. But on appeal, this court, sua sponte, ordered them heard by the same panel on the same day. So these are separate cases. But the court found, look, these are the same parties. This is the same case. That's not a claim-splitting question. It's a—this panel's time is best used by hearing these cases at the same time. And plaintiff's conduct by failing to identify related cases at the time of filing deprived the district court of that same opportunity. Okay. Mr. Reck, did the defense identify these as related for the district court? So RMC—oh, meaning in Cooper 2? Yeah. Yes, Cooper 2, RMC being moved to dismiss on the basis of claim-splitting and— Why not just refer it—why not just refer it to Judge Feiner, say this is related? Either party can file a related case notice, right? That's true. I understand—I understand the point that the plaintiff should have, and they should have here. But the question is whether the death penalty is appropriate for that violation. Understood, Your Honor. But I think it's also important to note that the legal basis for the district court's sanctions order wasn't appealed here, just the factual issues. And the factual findings here are not clearly erroneous. They're fully supported by the record. Thank you. All right. Thank you very much. Anything further, Mr. McCormick? Yeah, just briefly, I want to hit on two points. One is, you know, taking the fabrication issue aside, the court admitted that the fabrication issue by itself was not sufficient to order sanctions. Right, he says that very clearly. Let me ask you—I think one thing that bothered the court, though, which is why this claim-splitting issue comes in, is that unlike some of these prisoner cases, the convenience fee flaw, if you will, in retrieval master's practices had been there all along. This wasn't some new thing that came up on the website. It was an available theory for attacking the effort to collect that debt all along. Yes, it was, Your Honor. The way that I understand it was that they discovered this website issue over the course of Cooper 1 and then identified it as a class action and intended to bring it as a separate claim. Right, but it's, you know, sort of the classic law, though, of claim preclusion is that you need to bring everything about a particular transaction in the same lawsuit. Right, and I think that would have been the appropriate thing to do, would be amend and create class claims, but they didn't do that. But then for the court to base its ruling on this clearly erroneous issue of claim-splitting in two lines of other cases, that, I mean, I don't think it was the claim-splitting in this case itself that was the basis of the reasoning for sanctions. I think it was the allegation that these same attorneys engage in a pattern and practice of claim-splitting, which is simply not true. And this court, I mean, this court decided that decisively. And I think that the Carci cases, the evidence that we provided show that those are all different debts, which this court has explicitly said is permissible to bring separately. All right. Thank you very much. Thanks to both counsel. We'll take the case under advisement.